UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SUSAN TILEY                                                         CIVIL ACTION

VERSUS

REPUBLIC FIRE & CASUALTY                          NO.:16-00198-BAJ-RLB
INSURANCE COMPANY

RULING AND ORDER

Before the Court is a **Motion for Partial Summary Judgment (Doc. 8)**, filed by Susan Tiley ("Plaintiff"). Republic Fire & Casualty Insurance Company ("Defendant") did not file an opposition. Oral argument is not necessary. Jurisdiction is proper under 28 U.S.C. § 1332.

I.   BACKGROUND

Plaintiff, a Louisiana resident, was injured in an automobile accident while visiting Mississippi on October 11, 2014. (Doc. 9 at ¶¶ 1, 3, 5). At the time of the accident, she was a passenger in a vehicle operated by William Clattenburg ("Mr. Clattenburg"). (*Id.* at ¶ 4). Plaintiff alleges that a vehicle operated by Dennis Parchman ("Mr. Parchman") collided with Mr. Clattenburg's vehicle. (Doc. 1-2 at ¶3). As a result of the accident, Plaintiff alleges that she sustained serious injuries to her neck, head, shoulders, right hand, and back. (*Id.* at ¶5). Plaintiff claims that Mr. Parchman is an underinsured motorist who only held an automobile liability insurance policy with a $15,000 limit per a person. (*Id.* at ¶7). Nonetheless, Plaintiff purchased an insurance policy with Defendant that included underinsured motorist coverage. (Doc. 9 at ¶8).

On February 26, 2016, Plaintiff initiated this action in the 19th Judicial District Court of East Baton Rouge Parish, Louisiana, seeking to obtain a judgment against Defendant for her damages in excess of Mr. Parchman's insurance policy. (Doc. 1-2 at p. 1). On March 28, 2016, Defendant removed this action to this Court, (Doc. 1), and on June 13, 2016, Plaintiff filed the subject motion, (Doc. 8). The issue *sub judice* is whether the Court should apply Louisiana law to the interpretation of the insurance policy held by Plaintiff. (Doc. 8-1).

## II.   LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be genuinely disputed must support the assertion by citing materials in the record, including "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, [and] interrogatory answers" or that an adverse party cannot produce admissible evidence to support the presence of a genuine dispute. *See* Fed. R. Civ. P. 56(c)(1).

"[W]hen a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quotation marks and footnote omitted). "This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.

2

1994) (quotation marks and citations omitted). In determining whether the movant is entitled to summary judgment, the Court "view[s] facts in the light most favorable to the non-movant and draw[s] all reasonable inferences in her favor." *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

### III. DISCUSSION

The sole issue in the subject motion is choice of law. In a diversity case, such as here, federal courts apply the choice of law rules of the forum state in which the federal court sits. *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 512 (5th Cir. 2014). Because this Court sits in Louisiana, Louisiana choice of law rules apply. *Id.* "Under Louisiana's choice-of-law rules, the law of the state where the insurance contract was issued and executed generally governs the interpretation of that contract." *Id.*; *Solstice Oil & Gas I, LLC, v. Seneca Insurance Company, named as Seneca Ins. Co., Inc.*, ___ F. App'x___, No. 15-30874, 2016 WL 3947594, at *2 (5th Cir. July 21, 2016) (unpublished).

Plaintiff, a Louisiana resident, submitted an affidavit stating her insurance policy was purchased in Louisiana to cover her personal vehicle. (Doc. 8-2). Based on this undisputed summary judgment evidence, the Court finds that Louisiana law governs the interpretation of the insurance policy. *See, e.g., Am. Int'l Specialty Lines Ins. Co. v. Canal Indem. Co.*, 352 F.3d 254, 260 (5th Cir. 2003) ("Louisiana choice of law rules dictate, that in this action involving the interpretation of insurance policies issued in Louisiana, Louisiana substantive law governs our decision."); *Morad v. Aviz*, No. CIV.A. 12-2190, 2013 WL 1403298, at *2 (E.D. La. Apr. 5, 2013) (applying Mississippi law to an insurance policy sold, negotiated, and issued in Mississippi);

*Methodist Health Sys. Found., Inc. v. Hartford Fire Ins. Co.*, 834 F. Supp. 2d 493, 495 (E.D. La. 2011) ("In an action involving the interpretation of insurance policies issued in Louisiana, Louisiana's substantive law controls."). Although the situs of the accident was Mississippi, it has no bearing on the interpretation of an insurance policy issued and executed in Louisiana. *See Am. Int'l Specialty Lines Ins. Co.*, 352 F.3d at 260 (applying Louisiana law to the interpretation to an insurance policy issued in Louisiana, notwithstanding Texas being the situs of the accidents).

### IV. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that the **Motion for Summary Judgment (Doc. 8)** is **GRANTED.**

Baton Rouge, Louisiana, this 2nd day of September, 2016.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**